# IN THE COURT OF APPEALS OF IOWA

No. 24-0987
Filed September 4, 2024

**IN THE INTEREST OF A.M. and Z.M.,**
**Minor Children,**

**K.M.-J., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Clarke County, Monty Franklin, Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Amanda Demichelis of Demichelis Law Firm, P.C., Chariton, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Jeremy Evans of Carr Law Firm P.L.C., Des Moines, attorney and guardian ad litem for minor children.

Considered by Greer, P.J., Sandy, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**MULLINS, Senior Judge.**

A mother appeals the termination of her parental rights to her children, born in 2010 and 2011, under Iowa Code section 232.116(1)(a), (e), and (f) (2024).[1] She challenges the sufficiency of the evidence supporting the grounds for termination and requests application of the permissive exceptions to termination in section 232.116(3)(a) and (c). Our review is de novo. *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home, *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

Beginning with the grounds for termination, we may affirm termination "on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Focusing on section 232.116(1)(f), the mother only challenges the State's establishment of the final element—that the children could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4). The caseworker from the Iowa Department of Health and Human Services testified that, despite twenty months of services aimed at the mother's substance-use issues, "there has not been any significant progress." The record confirms that assessment. Mere weeks before the termination hearing, the mother admittedly continued to use marijuana and prescription pain medication not prescribed to her. The mother was also unemployed and did not have housing that was suitable for the children. And she

---

[1] The children's father is deceased.

had not progressed beyond fully supervised visits. Each of these circumstances prevented an immediate return of custody. We accordingly find the evidence sufficient to support termination under section 232.116(1)(f).

Next, the mother requests application of the permissive exceptions to termination in Iowa Code section 232.116(3)(a) and (c). The former authorizes the court to forgo termination when "[a] relative has legal custody of the child." Iowa Code § 232.116(3)(a). While the children were physically placed with a relative, legal custody remained with the department. As such, this exception does not apply. In turn, section 232.116(3)(c) allows the court to avoid termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." But the mother did not present any evidence at the termination hearing, let alone evidence that the children would suffer physically, mentally, or emotionally upon termination. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) ("[T]he parent resisting termination bears the burden to establish an exception."). To the contrary, while the department caseworker agreed that the children love the mother, she explained that they want to remain with their relative placement for adoption because "this has been a long and grueling process for them" and "they really want stability and don't want to be uprooted again." Consequently, we agree with the juvenile court that this exception does not apply.

Finding no cause for reversal, we affirm the termination of the mother's parental rights.

**AFFIRMED.**